UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L<small>ARRY</small> G. D<small>AVIS</small>,

    Petitioner,

v.

M<small>ICHELLE</small> F<small>LOYD</small>,

    Respondent.
_____/

Case No. 21-cv-12105

U.S. District Court Judge
Gershwin A. Drain

**<u>OPINION AND ORDER DISMISSING PETITION FOR WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON
APPEAL</u>**

This matter is before the Court on Petitioner Larry G. Davis's *pro se* petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. ECF No. 1. Davis challenges his conviction for conspiracy to deliver 50 to 449 grams of heroin, Mich. Comp. Laws § 333.7401(2)(a)(iii). *Id*. After conducting a preliminary review of the case, the Court ordered Petitioner to show cause why his habeas petition should not be dismissed for failure to comply with the one-year statute of limitations applicable to federal habeas actions. ECF No. 5. Petitioner filed a timely response to the show cause order. ECF No. 6. For the reasons discussed

1

*infra*, the Court will dismiss the petition as untimely and denies a certificate of appealability. The Court finds that an appeal could be taken in good faith and grants Petitioner leave to proceed *in forma pauperis* on appeal.

## I. BACKGROUND

Petitioner was charged in Grand Traverse County Circuit Court with eight drug-related offenses and with being a fourth habitual offender. ECF No. 1, PageID.11. Petitioner pleaded guilty to one count of conspiracy to deliver 50 to 449 grams of heroin pursuant to a plea agreement providing for dismissal of the remaining charges and the habitual fourth enhancement. On October 27, 2016, he was sentenced to ten to twenty years imprisonment. *Id.* at PageID.3.

Petitioner did not pursue a direct appeal in the state courts. *See id.* Instead, he filed a motion for relief from judgment in the trial court in May 2019. *Id.* The trial court denied the motion. *Id.* The Michigan Court of Appeals denied Petitioner's application for leave to appeal. *People v. Davis*, No. 352432 (Mich. Ct. App. Apr. 7, 2020). On April 27, 2021, the Michigan Supreme Court also denied leave to appeal. *People v. Davis*, No. 161823, 507 Mich. 930 (Mich. April 27, 2021).

On August 30, 2021, Petitioner filed the instant petition. ECF No. 1.

## II. LEGAL STANDARD AND ANALYSIS

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, applies to all habeas petitions filed after its effective date, April 24, 1996. It establishes a one-year limitation period for all habeas petitions. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of the following four dates:

   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner is not relying on a newly recognized constitutional right or a new factual predicate; nor is he asserting the State created an impediment to filing a timely petition. 28 U.S.C. §§ 2244(d)(1)(B)-(D). Therefore, his conviction became final at the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A). Under

Michigan Court Rule 7.205(G)(3), Petitioner had six months to file a delayed application for leave to appeal. Because he did not seek leave to appeal, his conviction became final six months after sentencing, or April 28, 2017. The limitations period commenced the following day, April 29, 2017, and continued to run, uninterrupted, until it expired one year later, on April 29, 2018.

Petitioner filed his habeas petition on August 30, 2021, over three years after the limitations period expired. Petitioner's motion for relief from judgment did not toll the limitations period because he filed the motion in May 2019, just over one year after the limitations period expired. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). (holding that the filing of a motion for collateral review in state court serves to "pause" the clock, not restart it). The petition, therefore, is untimely unless the limitations period is equitably tolled.

The AEDPA's one-year limitations period is not a jurisdictional bar and is therefore subject to equitable tolling where a habeas petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (internal quotation marks omitted). "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the 'ultimate burden of persuading the court that he or she is entitled to

4

equitable tolling.'" *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)).

Petitioner argues that his appellate attorney's ineffectiveness excuses his untimeliness. ECF No. 6. Petitioner was appointed counsel to represent him on appeal. *Id.* at PageID.98. After conferring with Petitioner, appellate counsel filed a motion to withdraw on the grounds that no appealable issue existed and that Petitioner faced the possibility of life imprisonment if the Michigan Court of Appeals set aside his plea and he was tried, and convicted, on the original charges. *Id.* at PageID.99. Petitioner signed a statement in support of appellate counsel's withdrawal. *Id.* at PageID.101. Even assuming, *arguendo*, that appellate counsel was ineffective for failing to pursue appellate relief, equitable tolling is not warranted. Petitioner allowed three years to pass from the time his direct review concluded to the time he initiated this action. He thus fails to show that he diligently pursued his rights. Nor has he demonstrated that some extraordinary circumstance prevented him from timely filing his petition.

A credible claim of actual innocence may also toll the limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The actual-innocence standard is "demanding" and "seldom met." *Id.* (citation and internal quotation marks omitted). It requires a petitioner to present new evidence in light of which "'it is

5

more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner's case falls outside of the actual innocence tolling exception because petitioner presents no new, reliable evidence to establish that he is actually innocent.

Finally, before Petitioner may appeal this Court's decision, he must obtain a certificate of appealability. *See* 28 U.S.C § 2253(c)(3). Where a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not debate the correctness of the Court's procedural ruling that the petition is time-barred. Thus, the Court will deny a certificate of appealability.

### III.  CONCLUSION

Accordingly, for the foregoing reasons, **IT IS HEREBY ORDERED** that the Court **DISMISSES** the petition for writ of habeas corpus.

**IT IS FURTHER ORDERED** that the Court **DENIES** a certificate of appealability.

6

**IT IS FURTHER ORDERED** that if Petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: April 29, 2022

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Larry G. Davis, #375529, Cooper Street Correctional Facility, 3100 Cooper Street, Jackson, MI 49201
April 29, 2022, by electronic and/or ordinary mail.
/s/ LaShawn Saulsberry for Teresa McGovern
Case Manager